# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE WYATT, JR., | ) | |
| Plaintiff, | ) | |
| -vs- | ) | No. 23-4170-CSB |
| SARAH MILLER, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, SARAH MILLER, by and through her attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files her motion for summary judgment, stating as follows:

## INTRODUCTION

Plaintiff, Willie Wyatt Jr., is a civil detainee under the custody of Illinois Department of Human Services (IDHS), housed at Rushville Treatment and Detention Facility (Rushville TDF). Plaintiff first filed his Complaint pursuant to 42 U.S.C. § 1983 on October 6, 2023 [Doc. 1]. On October 30, 2023, this honorable Court entered a merit review order, finding that Plaintiff stated a First Amendment claim against Defendant Sarah Miller for interfering with Plaintiff's mail. [Doc. 8]. Defendant moves for summary judgment because: 1) Defendant did not interfere with Plaintiff's mail, and 2) Defendant is entitled to qualified immunity.

## UNDISPUTED MATERIAL FACTS[1]

1. Plaintiff, Willie Wyatt Jr., is a civil detainee under the custody of Illinois Department of

---

[1] Facts are undisputed only for the purpose of this motion, taken in the light most favorable to the non-movant. Fed. R. Civ. P. 56. The inclusion of such facts is not to be considered as admission to the veracity of Plaintiff's testimony.

Human Services (IDHS) and is housed at Rushville Treatment and Detention Facility (Rushville TDF) since January 2021. Ex. A, Deposition of Wyatt, 13:23–14:1.

2. Defendant Sarah Miller is a Security Therapy Aide (STA) at Rushville TDF. *Id.* 15:8–16.

3. Miller was temporarily assigned to Rushville's mail room between May 2023 and October 2, 2023. Ex. A, 15:17–23, 21:18–22:12; Ex. B, Defendant Miller's Response to Interrogatories, *Bolden v. Miller,* 23-4171 C.D. Ill., ¶ 3.

4. The procedure for a Rushville TDF resident to send outgoing mail is to place the mail in the mail boxes located on the Housing Unit. Then the mail will be picked up by staff. Ex. A, 14:2–15:7; Exhibit C. Resident Handbook, at 000136;

5. After the mail is picked up by staff, the mail room staff would sort the mail, stamp the mail, charge postage to residents' account, then send the mail out. Ex. B, ¶ 10.

6. Wyatt claims that Miller interfered with his mail by either tossing his mails away or by not sending his mail out. Ex. A, 16:4–19:1.

7. Wyatt does not have access to the mailroom and had never witnessed Miller tossing his mail away. Ex. A, 16:14–20:1.

8. Wyatt had never personally spoken to Miller about the mails. Ex. A, 23:7–21.

9. Wyatt claims that his mails had been returned to him from the mailroom two or three times due to insufficient fund, although Wyatt had funds in his account. Ex. A, 20:2–25:7.

10. After Wyatt's mails were returned from the mail room, he resubmitted the mail and postage was deducted from his account. Ex. A, 25:8–26:3.

11. Wyatt claims that he did not know if his mail was being sent out because he never received a response. Ex. A, 25:20–26:3.

12. Wyatt filed this lawsuit by mail in October 2023. Ex. A, 26:4–11; *see e.g.* Docs. 1, 3, 4, 7.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The plaintiff cannot rest on mere allegations to get to a jury. *Id*. The plaintiff must provide at least some significant probative evidence in support of his complaint. *See id.* When deciding whether a genuine issue of material fact exists, the court must view inferences drawn from the record in the light most favorable to the non-moving party. *Bartman v. Allis-Chamlmers Corp.*, 799 F.2d 311, 312 (7th Cir. 1986). The court is required to draw only reasonable inferences, not all inferences of which it can conceive. *Id*. at 312–13.

In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the United States Supreme Court held that summary judgment is mandatory if there is no genuine issue as to any material fact for trial if, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 323.

To defeat a motion for summary judgment, a plaintiff must show concrete evidence documenting a genuine issue of fact which is material in the sense that it is outcome determinative. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2007). A plaintiff must show, not only that there is a factual dispute, but also that there is sufficient evidence to enable a jury to render a verdict in plaintiff's favor. And*erson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

**ARGUMENTS**

    1. **Defendant did not interfere with Plaintiff's Mail**

Wyatt is unable to bring any competent evidence to show that Miller interfered with his mail. Wyatt claims that Miller tossed away his mail, but he has no access to the mail room and had never seen his mail being tossed away. Undisputed Material Facts (UMF) ¶ 6–7. Wyatt had never even personally spoken to Miller about the mail issue. *Id.* ¶ 8. Wyatt claims that Miller returned his mail although he had sufficient fund for postage. *Id.* ¶ 9. But Wyatt was able to resend the mail and had postage properly deducted. *Id.* ¶ 10. Plaintiff's entire claim is based upon the fact that he did not receive any response from his mail recipients. *Id.* ¶ 8 & 11. But the docket information from this Court alone can easily debunk Plaintiff's suspicion—In October 2023, Wyatt was able to send 4 mails to this Court. *Id.* ¶ 4 & 12.

It is well-stablished that "an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987). Even if it is true that Wyatt had sufficient postage when he was asked to resend the mails again, this short delay did not violate Plaintiff's First Amendment Rights. Defendant is therefore entitled to summary judgment.

    2. **Defendant is entitled to Qualified Immunity**

Qualified immunity is a defense available to state and federal officials to provide protection when they are required to exercise their discretion. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity is an issue for the court, not for the jury. *Maltby v. Winston*, 36 F.3d 548 (7th Cir. 1994). "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the

challenged conduct." *Taylor v. Barkes*, 135 S.Ct. 2042, 2044 (2015) (quoting *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012)).

The right at issue must be established, "not as a general proposition," but rather, in a particularized sense so that the contours of the right are clear to a reasonable official. *Dibble v. Quinn*, 793 F.3d 803, 808 (7th Cir. 2015). The right must be defined with relation to the specific facts confronting the defendant. *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013). A right is "clearly established" only if it is defined so clearly and its contours are sufficiently clear that a reasonable official would know that what he is doing violates that right. *Carroll v. Carmen*, 135 S.Ct. 348, 350 (2014), *Dibble*, 793 F.3d at 808. "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Carroll*, 135 S.Ct. at 350 (quoting *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2083 (2011)).

The United States Supreme Court has suggested that the right at issue must be clearly established at the national level by either Supreme Court precedent or, possibly, by a "'robust consensus of persuasive authority' in the Courts of Appeals." *Taylor*, 135 S.Ct. at 2044. The Court did, however, "assume for the sake of argument" precedent from a circuit court decision, despite disagreement among the circuits. *Id*. at 2045; *see also Carroll*, 135 S.Ct. at 350. Neither an unpublished appellate opinion, nor a district court decision, can clearly establish the law. *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995).

The Court must ask two questions: first, whether the allegations, taken in the light most favorable to the plaintiff, establish a constitutional or statutory right and, second, whether the right was clearly established at the time of the alleged violation. *Dibble*, 793 F.3d at 807. The Court has discretion to decide the case based on the second question without addressing the first. *Id*

For qualified immunity to be surrendered, preexisting law must dictate that for every like-

situated, reasonable government agent what he is doing violates federal law in the circumstances. *Khuans v. School District 10*, 123 F.3d 1010, 1020–21 (7th Cir. 1997). "[I]t is not the simple existence of analogous case law that defeats the claim of qualified immunity; rather, these decisions must demonstrate that, at the time the defendants acted, it was certain that their conduct violated the law." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 620 (7th Cir. 2002).

As argued in Section 1 of this Motion, no evidence can show that Defendant Miller interfered with Plaintiff's mail and that any isolated delay in the mail is not sufficient to state a First Amendment claim. *Sizemore*, 829 F.2d, at 610 ("[A]an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment."). Defendant Miller is a State employee, temporarily assigned to handle residents' mail in the facility. UMF ¶ 2–3. Miller properly exercised her job duty to sort the mail, stamp the mail, charge postage to residents' account, then send the mail out. *Id.* ¶ 5. Even if Miller made a mistaken when calculating Wyatt's postage, such mistake only caused an isolated and short delay of the mailing. *Id.* ¶ 10 & 12 Defendant acted in accordance with the constitutional principles that were clearly established at the time of the alleged violations. In the event the Defendant is held liable on these facts, it would represent a change in the law, and she would be entitled to qualified immunity from damages. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Because Defendant did not violate any clearly-established constitutional rights, Defendant is entitled to qualified immunity.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Honorable Court enter judgment in her favor and against Plaintiff, and deny and all relief requested by Plaintiff in this matter.

                                    Respectfully submitted,

                                    SARAH MILLER,

                                        Defendant,

                                    KWAME RAOUL, Attorney General,

Zherong Kang, # 6337517                State of Illinois
Assistant Attorney General
500 South Second Street                   Attorney for Defendant.
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767                     By: s\ Zherong Kang
Email: Zherong.Kang@ilag.gov            Zherong Kang, # 6337517
& gls@ila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WILLIE WYATT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 23-4170-CSB |
| | ) | |
| SARAH MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2025, the foregoing document, **Defendant's Motion for Summary Judgment**, was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Willie Wyatt, Jr
IL Department of Human Services
Sexually Violent Persons Treatment & Detention Facility
17019 County Farm Road
Rushville, IL 62681


Respectfully submitted,

 s/ Zherong Kang
Zherong Kang, # 6337517
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767
Email: Zherong.Kang@ilag.gov
& gls@ilag.gov