IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 23-4171-CSB |
| | ) |
| SARAH MILLER, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DATED JAN. 2, 2025**

NOW COMES the Defendant, SARAH MILLER, by Kwame Raoul, Attorney General of the State of Illinois, and pursuant to the Federal Rule of Civil Procedure 33, hereby submits her Response to Plaintiff's First Set of Interrogatories dated January 2, 2025, stating as follows:

    1)    When did you First get Hired here and what was your Job Title
    called? (i.e. MAIL STAFF PERSONNEL, SECRETARY, SECURITY THERAPY AID, ETC.,
    ETC.,)

**RESPONSE**: Defendant objects to this interrogatory because of the vagueness of the term "here." As such, Defendant further objects to this interrogatory as overly broad and not likely to make any parties' claims or defenses more or less likely to succeed. *See* **Fed. R. Civ. Pro. 26(b).** Subject to and without waiving said objections, Defendant states that she was first hired at Rushville Treatment and Detention Facility ("Rushville TDF") as a Security Therapy Aid, starting on July 1, 2020.

    2)    Is there any Qualifications--(i.e. Licenses, Special Training,
    Got to be Certified, ETC., ETC.,) that you have to have to be a Mail Staff
    Personnel?

**RESPONSE**: Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Staff Personnel." Defendant further objects

Case No. 23-4171-CSB                                                                 Page 1 of 11

to this interrogatory because of the vagueness of the term "Mail Staff Personnel." Subject to and without waiving said objections, Defendant states that she is not aware of any qualifications required to work in the mail room.

3) WHEN/WHAT DATE DID YOU BECOME A Mail Staff Personnel?

**RESPONSE**: Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is a "Mail Staff Personnel." Defendant further objects to this interrogatory because of the vagueness of the term "Mail Staff Personnel."

Subject to and without waiving said objections, Defendant states that she was temporarily assigned to the mail room from May 2023 to October 2, 2023.

4) Did you Request the Mail Staff Personnel Job or was it Forced upon you?

**RESPONSE**: As Defendant was only temporarily assigned to the mail room, Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is a "Mail Staff Personnel." Defendant further objects to this interrogatory because of the vagueness of the term "Mail Staff Personnel." Lastly, Defendant objects to this interrogatory as irrelevant. Fed. R. Civ. Pro. 26(b). Subject to and without waiving said objections, Defendant states that she was temporarily assigned to the mail room.

5) When you were given the Mail Staff Personnel Job or when this Job was Forced upon you was there any Written Rules and Policies that you was given to Follow while Handling Resident's Personal Non-Privileged Mail and Private Legal Mail?

**RESPONSE**: Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Staff Personnel." Defendant further objects

to this interrogatory because of the vagueness of the term "Mail Staff Personnel." Lastly, Defendant objects to this interrogatory to the extent Plaintiff is seeking policies, directives, or rules because a violation of such are not relevant to whether Plaintiff's constitutional rights were violated. *Thompson v. City of Chicago*, 427 F.3d 444, 455 (7th Cir. 2006) (police rules, practices, and regulations are unreliable gauges of what is reasonable under the constitution); *see also Whren v. United States*, 517 U.S. 806, 815 (1996); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 protects plaintiffs from constitutional violations, not violations of state laws, departmental regulations, or police practices).

Subject to and without waiving said objections, Defendant directs Plaintiff to "Section K. Mail" of the Resident Handbook, Bates stamped 000139–000141, previously produced to Plaintiff on March 11, 2024.

```
6)      Please Explain In Detail Exactly how you are suppose to handle
Resident's Non-Privileged Mail and Legal Mail when Picking it up from
each Mail Box on the Pods--(i.e. WHAT ARE YOU SUPPOSE TO DO WITH THE
RESIDENT'S NON-PRIVILEGED MAIL AND LEGAL MAIL WHILE IT IS IN THE (IDHS-
TDF) MAIL ROOM. DO YOU DROP OFF THE RESIDENT'S NON-PRIVILEGED MAIL AND
LEGAL MAIL TO THE PODS OR THE RESIDENT'S. DO YOU DROP OFF THE RESIDENT'S
NON-PRIVILEGED MAIL AND LEGAL MAIL TO THE U.S. POST OFFICE OR DOES THE
RUSHVILLE U.S. POST OFFICE STAFF PERSONNEL COME TO (IDHS-TDF) AND PICK
UP THE RESIDENT'S NON-PRIVILEGED MAIL AND LEGAL MAIL. DOES RESIDENT'S
MAIL GO THROUGH A COMPUTER SYSTEM TO BE STAMPED AND EACH LETTER BEING
MAILED OUT TO BE DOCUMENTED IN THE COMPUTER FOR TRACKING PURPOSES. DO
YOU PERSONALLY HAND THE RESIDENT'S NON-PRIVILEGED MAIL AND LEGAL MAIL
TO THE RUSHVILLE U.S. POSTAL PERSONNEL OR DOES SOMEONE ELSE GIVE THIS
MAIL TO THEM AND IF SO, WHO IS THE ONE WHO GIVES THE RESIDENT'S NON-
PRIVILEGED MAIL AND LEGAL MAIL TO THE U.S. POSTAL SERVICE STAFF PERSONNEL,
ETC., ETC.,)?
```

**RESPONSE**: Defendant objects to this interrogatory as vague, overbroad, and an improper compound question. This interrogatory requests Defendant to "explain in detail," which seeks to improperly "force [the Defendant] to prepare [her] opponent's case" and "to make investigations for [her] adversary." *Terr. Of Alaska v. Arctic Maid*, 135 F. Supp. 164, 166 (D. Alaska 1955); *see also IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("To the extent they ask for every fact and every application of law to fact which

supports the identified allegations, the court finds them overly broad and unduly burdensome."); *Halder v. Int'l Tel. & Tel. Co.*, 75 F.R.D. 657, 658 (E.D.N.Y. 1977) ("[Defendant] should not be forced to engage in extensive research and compilation, particularly when the purpose of the effort is to assist plaintiff in the preparation of his case."); *Poshard v. Madison Cnty., IL*, 2020 U.S. Dist. LEXIS 173017, at *16–17 (S.D. Ill. 2020) (An interrogatory is unduly burdensome when it "asks for every fact to support a specific allegation."); *Flynn v. FCA US LLC*, 2019 U.S. Dist. LEXIS 66363 (S.D. Ill. 2019) (an interrogatory is unduly burdensome if it requires a party to "produce veritable narratives of their entire case.").

Defendant further objects to this interrogatory to the extent Plaintiff seeks policies, directives, or rules because a violation of such is not relevant to whether Plaintiff's constitutional rights were violated. *Thompson v. City of Chicago*, 427 F.3d 444, 455 (7th Cir. 2006) (police rules, practices, and regulations are unreliable gauges of what is reasonable under the constitution); *see also Whren v. United States*, 517 U.S. 806, 815 (1996); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 protects plaintiffs from constitutional violations, not violations of state laws, departmental regulations, or police practices).

Subject to and without waiving said objections, Defendant directs Plaintiff to "Section K. Mail" of the Resident Handbook, Bates stamped 000139–000141, previously produced to Plaintiff on March 11, 2024.

```
  7)     How many times have you ever been wrote up either by Resident(s)
or Staff Personnel for any type of mishandling of any Type of Incomming
or Outgoing Mail?
```

**RESPONSE**: Defendant objects to this interrogatory because of the vagueness of the term "wrote up." Defendant further objects to this interrogatory as complaints by others are irrelevant to whether Plaintiff's rights were violated in this case. *See Verser v. Ruiz*, 2009 WL

3381009 at *3 (C.D. Ill. Oct. 14, 2009) (noting that allegations made by other prisoners that Defendants engaged in separate instances of excessive force have no relation to whether they engaged in excessive force in the present case).

```
    8)      If the Answer to Question Number 7 is (1)-OR-More than who
wrote you Up and what was you wrote up for? (GIVE NAMES, DATES, ETC.,
ETC.,)
```

**RESPONSE:** Defendant objects to this interrogatory because of the vagueness of the term "wrote up." Defendant further objects to this interrogatory as complaints by others are irrelevant to whether Plaintiff's rights were violated in this case. *See Verser v. Ruiz*, 2009 WL 3381009 at *3 (C.D. Ill. Oct. 14, 2009) (noting that allegations made by other prisoners that Defendants engaged in separate instances of excessive force have no relation to whether they engaged in excessive force in the present case).

```
    9)     is there Video Surveillance Footage Camera's in the Mail Room
to Monitor the Mail Personnel to Ensure that the Mail Personnel is not
SHREDDING, DEMOLISHING, & TAMPERING with Resident's Incomming and Outgoing
Mail?
```

**RESPONSE:** Defendant objects to this interrogatory as vague and compound. Defendant further objects to this interrogatory to the extent it seeks information on the positioning of security cameras or the production of security camera footage for safety and security reasons of the facility.

```
    10)    When you became a Mail Personnel were  you told what to do
everyday or were you given Authority to do whatever you wanted to do with
the Resident's Incomming and Outgoing Non-Privileged Mail and Legal Mail?
```

**RESPONSE:** As Defendant was only temporarily assigned to the mail room, Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Personnel." Defendant further objects to this interrogatory because

the inquiry of whether Defendant was "given Authority to do whatever you wanted" is argumentative. Lastly, Defendant objects to this interrogatory to the extent it seeks the production of policies, directives, or rules because a violation of such are not relevant to whether Plaintiff's constitutional rights were violated. *Thompson v. City of Chicago*, 427 F.3d 444, 455 (7th Cir. 2006) (police rules, practices, and regulations are unreliable gauges of what is reasonable under the constitution); *see also Whren v. United States*, 517 U.S. 806, 815 (1996); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 protects plaintiffs from constitutional violations, not violations of state laws, departmental regulations, or police practices).

Subject to and without waiving said objections, Defendant states that while working in the mail room, she would pick up the mail from the mailboxes, sort the mail, stamp the mail, charge postage to residents account, then send the mail out.

```
11)     How many People were working in the Mail Room as Mail Staff
Personnel when you took the Mail Staff Personnel Job?
```

**RESPONSE**: Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Staff Personnel." Subject to and without waiving said objections, Defendant states that she was the only person working in the mail room while she was temporarily assigned to the mail room from May 2023 to October 2, 2023. While Defendant was out during that time, the supervisors and assigned mailroom back up staff would fill in.

```
12)     Were you hired as the Mail Staff Personnel Supervisor or was
there a Mail Room Staff Supervisor in the Mail Room that you had to take
Orders from?
```

**RESPONSE**: Defendant objects to this interrogatory to the extent it requires the adoption of

Case No. 23-4171-CSB                                              Page 6 of 11

an improper assumption that Defendant is "Mail Staff Personnel."

Subject to and without waiving said objection, Defendant states that there were mail room supervisors while Defendant was temporarily assigned to the mail room in 2023.

```
13)     While you were a Mail Romm Staff Personnel who all had Access
to the Keys to the (IDHS-TDF) Resident Mail Boxes and Picked up the
Resident's Non-Privileged Mail and Legal Mail? (GIVE ALL NAMES PLEASE)
```

**RESPONSE**: Defendant objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Staff Personnel." Defendant also objects to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of this case. *See* **Fed. R. Civ. P. 26(b)**. Given that *all* staff at Rushville TDF had access to resident mailboxes while Defendant was temporarily assigned to the mailroom, Defendant would have to ascertain the names of any and all staff member at Rushville TDF from May 2023 to October 2, 2023, even though there is no reason to believe that any of this information would be relevant to Plaintiff's case. *See* **Fed. R. Civ. P. 26(b)**.

Subject to and without waiving said objections, Defendant states that all administration staff, Security Therapy Aide IIs, Security Therapy Aide IVs, maintenance, and warehouse staff, had access to the mailboxes.

```
14)     Whoever Picks Up/Delivers the Resident's Non-Privileged Mail
and Legal Mail, Is there a LOG BOOK that Mail Room Staff Personnel must
Sign stating that they Picked Up/Delivered Resident's Non-Privileged Mail
and Legal Mail?
```

**RESPONSE**: Defendant states no logbook was kept for outgoing mails. A logbook of how much each resident spent on postage is kept.

```
15)     Were you ever told that the Plaintiff in this Case or that
any Resident in the Rushville (IDHS-TDF) was and still are Prisoners/
Convicts and does not have any Constitutional Protected Privacy Rights
with his Non-Privileged Mail? and if so, How Exactly--(WORD FOR WORD)
was this told to you and who told this to you?
```

**RESPONSE:** Defendant objects to this interrogatory as it calls for legal conclusions about Plaintiff's "Constitutional Protected Privacy Rights." Subject to and without waiving said objections, Defendant was not told that residents do not have a "Constitutional Protected Privacy Rights."

```
16)     Was you aware of the MASSIVE/LARGE AMOUNTS of NON-PRIVILEGED
MAIL that the Plaintiff was sending out to the Federal, State & Local
ELECTED OFFICIALS, NEWSPAPERS, NEWS MEDIA & MAGAZINE COMPANIES? And if
so, What all Staff Personnel did you Communicate with and make Aware of
or Alert other Staff Personnel of the Plaintiff's LARGE/MASSIVE Amounts
of Mail that he was sending out of this Faciity?
```

**RESPONSE:** Defendant objects to this interrogatory as vague and compound. Defendant further objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Staff Personnel." Subject to and without waiving said objections, Defendant was not aware of who Plaintiff sent mail to.

```
17)     Was this Part of you Job Duties/Responsibilities as a Mail
Room Staff Personnel to MAKE AWARE/ALERT any other Staff Personnel of
any Resident's MASSIVE/LARGE Amounts of Non-Privileged Mail being sent
out and to Communicate with the FEDERAL, STATE, & LOCAL ELECTED OFFICIALS,
NEWPAPERS, NEWS MEDIA, AND MAGAZINE COMPANIES? And if so, Why were you
Obligated to do this and/or told to do this and who told you to do this?
```

**RESPONSE:** Defendant objects to this interrogatory as vague and compound. Defendant further objects to this interrogatory to the extent it requires the adoption of an improper assumption that Defendant is "Mail Staff Personnel." Subject to and without waiving said objections, Defendant states that she did not report who Plaintiff sent mail to. Any suspicious mail was reported to Defendant's supervisors Belinda Christensen and Erin Posey.

```
18)     When you got Hired here at (IDHS-TDF) What was you told this
Facility wass and how this Facility is suppose to be Ran/Operated like
and Why? (i.e. PRISON, COUNTY JAIL, MENTAL HEALTH FACILITY, ETC., ETC.,)
```

**RESPONSE**: Defendant objects to this interrogatory as vague, overly broad, and not likely to make any parties' claims or defenses more or less likely to succeed. *See* **Fed. R. Civ. Pro. 26(b).**

                         Respectfully submitted,

                         SARAH MILLER,

                         Defendant,

                         KWAME RAOUL, Attorney General,

Zherong Kang, # 6337517          State of Illinois
Assistant Attorney General
500 South Second Street            Attorney for Defendant.
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767                By: s\ Zherong Kang
Email: Zherong.Kang@ilag.gov         Zherong Kang, # 6337517
& gls@ilag.gov                       Assistant Attorney General

| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | ) | |
| | ) | *Bolden v. Miller,* |
| **CENTRAL DISTRICT OF ILLINOIS** | ) | Case No. 23-4171-CSB |

## VERIFICATION

I, SARAH MILLER, being first duly sworn on oath, deposes that she has read the foregoing, *Defendants' Response to Plaintiff's First Set of Interrogatories dated January 2, 2025*, and the answers to the interrogatories, made herein are true, correct, and complete to the best of her knowledge and belief.

_____
SARAH MILLER, Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL BOLDEN, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 23-4171-CSB |
| SARAH MILLER, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2025, the foregoing document, ***Defendants' Response to Plaintiff's First Set of Interrogatories dated January 2, 2025*** was served via electronic mail to the following:

NONE

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

Donnell Bolden
IL Department of Human Services
Sexually Violent Persons Treatment & Detention Facility
17019 County Farm Road
Rushville, IL 62681

Respectfully submitted,

s/ Zherong Kang
Zherong Kang, # 6337517
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767
Email: Zherong.Kang@ilag.gov
& gls@ilag.gov

4:23-cv-04170-EIL   # 20-2   Filed: 02/27/25   Page 12 of 12