UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Rock Island Division

| | |
|---|---|
| **WILLIE WYATT, JR.,** | |
| **Plaintiff,** | |
| v. | Case No. 23-4170 |
| **SARAH MILLER,** | |
| **Defendant.** | |

**ORDER**

Pro se Plaintiff Willie Wyatt, Jr., filed the instant lawsuit in October 2023, and the Court allowed Plaintiff to proceed with a First Amendment claim against Defendant Sarah Miller, based upon allegations that she had tampered with his mail, including his legal mail.

This case is now before the Court on a Motion for Summary Judgment (#20) filed by Defendant. Plaintiff did not file any response thereto, despite the Court *sua sponte* granting an extension and warning Plaintiff of the consequences of a failure to respond. For the following reasons, Defendants' Motion (#20) is GRANTED.

**I.    Background**

The following facts are taken from the undisputed material facts contained in Defendant's Motion (#20, ¶¶ 1-12). *See also* Local Rule 7.1(D)(1)(b) (requiring a motion for summary judgment to include a section listing the undisputed material facts).

Under Local Rule 7.1(D)(2)(b), a party opposing a motion for summary judgment must respond to the moving party's undisputed material facts and provide additional material facts, which must be supported by admissible evidence. Plaintiff has failed to respond to Defendant's undisputed material facts. Under Local Rule 7.1(D)(2)(b)(6), a party's "failure to respond to any numbered fact will be deemed an admission of the fact." A district court does not abuse its discretion by strictly enforcing this rule, even

1

against a pro se litigant. *Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016); *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001).

Plaintiff is a civil detainee in the custody of the Illinois Department of Human Services ("IDHS") at Rushville Treatment and Detention Facility ("Rushville"). Defendant is a Security Therapy Aide ("STA") at Rushville.

The following procedures apply to outgoing mail sent by Rushville residents. Residents should place outgoing mail in the mailbox located on their Housing Unit. The mail is then picked up by staff, after which mailroom staff sorts the mail, stamps the mail, charges postage to the residents' accounts, and then sends the mail out.

Defendant was temporarily assigned to Rushville's mail room between May 2023 and October 2, 2023.

In his deposition in this matter, Plaintiff alleged that Defendant interfered with his mail by either tossing it away or not sending it out. Plaintiff does not have access to the mailroom, has never witnessed Defendant tossing his mail away, and has never personally spoken to Defendant about his mail.

Plaintiff testified that his mail had been returned to him two or three times, allegedly due to insufficient funds. However, Plaintiff alleged he had funds in his account at those times. After his mail was returned from the mailroom on those occasions, Plaintiff resubmitted the mail and postage was then deducted from his account. However, Plaintiff testified that he did not know if his mail was actually sent out because he never received any responses thereto.

II.     **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law." *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009) (citations omitted).

When ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any

material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing inferences that are only supported by speculation or conjecture. *See Singer*, 593 F.3d at 533. In addition, the court "need not accept as true a plaintiff's characterization of the facts or a plaintiff's legal conclusion." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 835 (C.D. Ill. 2010) (emphasis in original).

The party opposing summary judgment may not rely on the allegations contained in the pleadings. *Waldridge*, 24 F.3d at 920. "[I]nstead, the nonmovant must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (*quoting Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)).

Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007), (*citing Celotex Corp.*, 477 U.S. at 322-323)). If the nonmovant does not come forward with evidence that would reasonably permit the finder of fact to find in his favor on a material question, then the court must enter summary judgment against him. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

### III. Analysis

As previously summarized, the Court allowed this case to proceed on a First Amendment claim, based upon Plaintiff's allegation that Defendant had interfered with his outgoing mail. At that time, the Court observed that certain restrictions on mail delivery to and from detainees may be Constitutionally appropriate, but that is not a

3

determination that the Court could make without a more developed factual record. *See Kozlowski v. Van Rybroek*, 771 F. App'x 662, 664 (7th Cir. June 4, 2019).

That record is now before the Court. The undisputed facts establish that Plaintiff alleges, at most, that his mail was returned to him by the Rushville mailroom on two or three occasions, due to alleged insufficient funds. Plaintiff disagreed that the funds were insufficient and resubmitted the mail, after which the postage was deducted from his account and his mail was not returned to him again.

But allegations of "relatively short-term and sporadic" delays in delivering mail fail to constitute a First Amendment claim. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572-73 (7th Cir. 2000) (allegation of a two-month delay in sending personal mail outside a correctional facility fails to state a constitutional claim).

Plaintiff has presented no evidence that Defendant was personally responsible for any issues with his outgoing mail, and Plaintiff merely speculates that he is uncertain whether his mail was ever delivered because he did not receive any response from the intended recipient(s). As indicated above, speculations and conjecture are insufficient at this stage. *See Singer*, 593 F.3d at 533; *see also Koszola*, 385 F.3d at 1111 (summary judgment "is the 'put up or shut up' moment in a lawsuit"). Plaintiff has not met his burden to present any definite, competent evidence in opposition to Defendant's request for summary judgment.

### IV.    Conclusion

For these reasons, Defendant's Motion for Summary Judgment (#20) is GRANTED. The Court directs the Clerk to enter judgment in favor of Defendant and against Plaintiff. This case is terminated.

If Plaintiff wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues Plaintiff wishes to present on appeal, to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)

(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal. If the Court allows him to proceed on appeal in forma pauperis that finding would allow Plaintiff to pay the appellate filing fee over time but would not release him from having to pay the fee.

ENTERED this 13th day of June, 2025.

                                          s/ERIC I. LONG
                            UNITED STATES MAGISTRATE JUDGE